UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

VALDO VAHER,

                  Plaintiff,

-against-

TOWN OF ORANGETOWN, NEW YORK, et al.,

                  Defendants.

------------------------------------------------------------------x

**DECISION AND ORDER**

10 Civ. 1606 (KMK)(GAY)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/15/13

I. **Background**

Defendants have provided plaintiff with a privilege log in this matter claiming attorney work product privilege concerning certain documents and "law enforcement privilege" as to other documents. Plaintiff has disputed the claims of privilege. The Court has reviewed the subject documents *in camera*.

II. **Discussion**

A. Work Product Privilege

The work product doctrine prohibits the discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed.R.Civ.P. 26(b)(3)(A). The party seeking work product protection has the burden to prove the documents at issue are eligible for such protection. Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp., No. 00 Civ. 9212, 2002 WL 31729693, at *5 (S.D.N.Y. Dec. 5, 2002). However, such work product is discoverable if (1) it is otherwise discoverable pursuant to a court order, or (2) the party seeking the

materials "shows that it has substantial need for the materials to prepare its case and cannot without undue hardship, obtain their substantial equivalent by other means. Fed.R.Civ.P. 26(b)(3)(A)(I)-(ii).

The mere "possibility of litigation is insufficient to "obtain work-product protection and the party seeking such protection must demonstrate that, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of the prospect of litigation.*" Gucci American, Inc. v. Guess?, Inc., 271 F.R.D. 58, 74 (S.D.N.Y. 2010)(citations and internal quotations omitted). The work product doctrine does not require the documents be prepared at the behest of counsel, but only that they be prepared "because of the prospect of litigation. United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998).

Here, attachments A-J to said privilege log were all prepared because of the notice of claim that was submitted to the Town of Orangetown and its Police Department by the plaintiff dated January 16, 2008. As such, the documents were clearly prepared in anticipation of litigation and are protected from disclosure by the work product privilege. Moreover, plaintiff has not demonstrated a "substantial need" for the documents.

B. Law Enforcement Privilege

Defendants claim a "law enforcement privilege" as to attachments K-U to the privilege log. Said documents are clearly protected by the law enforcement privilege because they include "information that would undermine the confidentiality of sources ...[or] the privacy of individuals involved in an investigation ....." In re the City of New York, 607 F.3d 923, 944 (2d Cir. 2010). More to the point, the Court's *in camera* review shows that the documents are not relevant to the claims in the amended complaint

herein; and not reasonably calculated to lead to the discovery of admissible evidence. The subject matter of the documents involve matters unrelated to the allegations of the amended complaint and took place well after those events.

## CONCLUSION

The claims of privilege by the defendants are upheld.

SO ORDERED:

Dated: May 15, 2013
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.